UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RONALD DENDALL** and **BRIAN DENDALL,** individually, and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>**ZORN DESIGN, LLC,** *d/b/a* **"ZORN DESIGN COMPANY**," and **EDWARD A. ZORN,**<br><br>        Defendants. | Case No. |

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs **RONALD DENDALL** and **BRIAN DENDALL**, (hereinafter referred to as "Plaintiffs"), individually and on behalf of all others similarly situated, by and through their attorneys, **JTB LAW GROUP, LLC**, hereby bring this Collective Action Complaint against Defendants, **ZORN DESIGN, LLC,** *d/b/a* **"ZORN DESIGN COMPANY**," and **EDWARD A. ZORN**, and states as follows:

### INTRODUCTION

1.      Plaintiffs bring this action, individually and as a collective action on behalf of all others similarly situated, to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendants' willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11 *et seq.*

2.      Defendant Edward A. Zorn is the owner and manager of Zorn Design, LLC, dba "Zorn Design Company."

3.      Defendants employed laborers, including Plaintiffs, to renovate, remodel and redesign interior and exterior of real property.

4.      As Laborers, Plaintiffs worked over forty (40) hours every week.

5.      Defendants violated the FLSA by paying the regular rate of pay for hours worked over forty (40) hours in a workweek, instead of paying time and a half.

6.      Defendants paid the overtime rate at the same rate as the regular rate of pay.

7.      This is sometimes referred to as paying overtime at the straight rate of pay.

8.      As a result, there were many weeks in which Plaintiffs worked in excess of forty (40) hours in a workweek without being paid an overtime premium at a rate not less than one and one half (1.5) times of Plaintiff's regular rate of pay.

9.      Defendants failed to pay any overtime premium.

10.     Defendants classified its workforce as "independent contractors", using the title to evade paying overtime.

11.     Defendants failed to keep records of hours worked.

12.     Defendants failed to keep accurate pay information.

13.     Plaintiffs bring this collective action pursuant to the FLSA, 29 U.S.C. § 216(b) of all Laborers employed by Defendants as hourly laborers for relief for violation of the FLSA, as a collective action, defined as follows:

> *All Laborers who worked for the Defendants at any time during the period of three (3) years prior to the commencement of this action through the date of judgment.*

## JURISDICTION AND VENUE

14.     This Court has subject-matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims raise a federal question under 29 U.S.C. § 201, *et*

2

*seq.*

15.     The Court has personal jurisdiction over Defendant Zorn Design, LLC, dba "Zorn Design Company," because it conducted business in New Jersey and the acts and omissions that form the basis of the lawsuit occurred within this District.

16.     The Court has personal jurisdiction over Defendant Edward A. Zorn because he conducts business within and is a resident of the state of New Jersey, and the acts and omissions that form the basis of the lawsuit occurred within this District.

17.     Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants employed Plaintiffs in this district and because a substantial portion of the events or omissions that give rise to the Plaintiffs' claims occurred in this district.

## PARTIES

**Defendants**

18.     Defendant Zorn Design, LLC, does business as "Zorn Design Company" (hereinafter "Zorn Design").

19.     Defendant Zorn Design is a limited liability company incorporated in the state of Florida with its principal place address located at 11 Via Lucindia Dr N, Stuart, Florida 34996.

20.     Defendant Zorn Design was founded by Edward A. Zorn in 1979.

21.     Defendant Edward A. Zorn is the owner and manager of Zorn Design.

22.     Defendant Edward A. Zorn hired and fired Plaintiffs.

23.     Defendant Edward A. Zorn directly supervised Plaintiffs.

24.     Defendant Edward A. Zorn determined Plaintiffs' pay.

25.     Defendants were Plaintiffs' "employer" within the meaning of all applicable statutes.

26.     According to its website (http://www.zorndesign.com/), Zorn Design is a company that provides a full service premier custom home building and renovation within this district and holds an office located at 6305 Long Beach Blvd, Apt C, Harvey Cedars, New Jersey 08008.

27.     Zorn Design specializes in all phases of home construction from remodeling to designing a new addition and building a custom home from the ground up as well as providing renovation services to homeowners, residential property owners, and businesses.

**Plaintiff – Robert Dendall**

28.     Plaintiff Robert Dendall is a resident of Galloway, New Jersey, and signed a consent form to join this lawsuit, which is attached as ***Exhibit A***.

29.     Defendants employed Plaintiff Robert Dendall as a Laborer from approximately November 2012 to December 2017.

30.     Defendants paid Plaintiff Robert Dendall an hourly rate of $20, regardless of the amount of hours worked.

31.     That is, for the hours paid, hours worked over 40 were still paid at $20 an hour.

32.     Plaintiff Robert Dendall did not receive any premium pay for hours worked over 40.

33.     Plaintiff Robert Dendall was scheduled to work seven 8.5 hour shifts per week, each lasting from approximately 8:00 AM until 4:30 PM, without a lunch break.

34.     Plaintiff Robert Dendall's job duties as a Laborer consisted of general constructions of remodeling, renovating and designing homes.

**Plaintiff – Brian Dendall**

35.     Plaintiff Brian Dendall is a resident of Galloway, New Jersey and signed a

4

consent form to join this lawsuit, which is attached as ***Exhibit B***.

36.     Defendants employed Plaintiff Brian Dendall as a Laborer from November 2011 to December 2017.

37.     Defendants paid Plaintiff Brian Dendall an hourly rate of $20, regardless of the amount of hours worked.

38.     That is, for the hours paid, hours worked over 40 were still paid at $20 an hour.

39.     Plaintiff Brian Dendall did not receive any premium pay for hours worked over 40.

40.     Plaintiff Brian Dendall was scheduled to work seven 8.5 hour shifts per week, each lasting from approximately 8:00 AM until 4:30 PM without a lunch break.

41.     Plaintiff Brian Dendall's job duties as a Laborer consist of general constructions of remodeling, renovating and designing homes.

## FACTUAL ALLEGATIONS

42.     Defendants are an employer defined under New Jersey Statutes Ann. §§ 34:11-4.1 and 29 U.S.C. § 203(d) of the FLSA.

43.     Plaintiffs and other Laborers were "employees" of Defendants within the meaning of New Jersey Statutes Ann. §§ 34:11-4.1 and 29 U.S.C. § 203(e)(1) of the FLSA.

44.     Defendants were and continue to be "an enterprise engaged in commerce" within the meaning of the FLSA.

45.     Defendant Zorn Designs has an annual gross business volume in excess of $500,000.

46.     Defendant Zorn Designs had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

47.    Defendants "suffered or permitted" Plaintiffs and other Laborers to work and thus "employed" them within the meaning of New Jersey Statutes Ann. §§ 34:11-4.1 and 29 U.S.C. § 203(g) of the FLSA.

48.    Defendants provide home renovations and constructions largely in and around New Jersey.

49.    Defendants employed Laborers to work in New Jersey.

50.    At all times, Laborers, including Plaintiffs, worked and provided renovations services to homes in New Jersey.

51.    Laborers perform tasks involving physical labor for building new additions to a home, remodeling, renovating and constructing real property.

52.    At all times, Plaintiffs were an hourly-paid laborer worker who performed duties that are not exempt from the FLSA's overtime requirements.

53.    Plaintiffs' hourly rate was $20.00 an hour.

54.    As a Laborer, Plaintiffs were scheduled to work seven (7) shifts per week, approximately eight and a half (8.5) hours per day without a lunch break.

55.    Laborers regularly worked over forty (40) hours per week.

56.    Laborers were paid a regular rate of pay for all hours worked including hours worked in excess of forty (40) hours.

57.    In the workweeks in which Defendants did pay Laborers for hours worked in excess of forty (40), they failed to pay them time-and-a-half of their regular rate of pay.

58.    For example, for the workweek of August 7, 2016 to August 13, 2016, Plaintiffs worked over forty (40) hours; and Defendants paid Plaintiffs an hourly rate of $20.00 for each hour worked.

59.     Defendants failed to pay Laborers any overtime premium at a rate not less than one and one half (1.5) times of their regular rate of pay for hours worked overtime in excess of forty (40) hours in a workweek as required under the FLSA and NJWHL.

60.     Defendants' policies and practices deprived Laborers of a premium rate while working overtime as required under the FLSA and NJWHL.

61.     The United States Court of Appeals for the Third Circuit has set forth an "economic realities test" to determine whether an independent contractor, in reality, is an employee subject to the FLSA. Criteria are:

> (1) the degree of the alleged employer's right to control the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; (3) the alleged employee's investment in equipment of materials required for his task, or his employment of helpers; (4) whether the service requires a special skill; (5) the degree of permanence of the working relationship; and (6) whether the service rendered is an integral part of the alleged employer's business.

*Martin v. Selker Brothers, Inc.*, 949 F.2d 1286, 1293 (3d Cir. 1991).

62.     In determining whether an actor is an employee or independent contractor, the New Jersey Supreme Court applies the "ABC test". *Hargrove v. Sleepy's, LLC*, 106 A.3d 449 (N.J. 2015). The ABC test presumes an individual is an employee unless the employer can make certain showings regarding the individual employed, including:

> (a) Such individual has been and will continue to be free from control or direction over the performance of such service, both under his contract of service and in fact, (b) Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed, and (c) Such individual is customarily engaged in an independently established trade, occupation, profession or business.

*Id.*

63.     Based on both of the foregoing standards, Defendants misclassified Plaintiffs and

other Laborers as independent contractors. Plaintiffs and other Laborers:

    a.   work hours that are set by Defendants;

    b.   were paid by the hour at a set rate;

    c.   are required to report to Defendants on a regular basis;

    d.   received all assignments from Defendants;

    e.   were not required to provide any job specific equipment in their employment, because Defendants supplied the necessary tools and construction material for the job;

    f.   have no investment in facilities or equipment;

    g.   perform services that are an integral part of Defendants business;

    h.   perform services that is in the usual course of the business such as renovating, constructing and remodeling homes;

    i.   have a continuing relationship with Defendants, not an occasional relationship;

    j.   were economically dependent on Defendant;

    k.   typically worked too many hours for Defendants to engage in significant employment elsewhere;

    l.   at any time could be terminated and was terminated by Defendants; and

    m.   were unable to enhance/increase their wages.

64.    Defendants has maintained control, oversight, and day-to-day supervision over Plaintiffs' and all other Laborers' work schedule, assignments, duties, and employment conditions including the promulgation and enforcement of policies affecting the payment of their overtime compensation.

65.    Defendants, directly hired Plaintiffs and other Laborers and determined the rate and method of the payment of wages.

66.    Defendants have authority to fire and directly fired Plaintiffs and other Laborers.

67.     In addition, Defendants failed to keep certain records of total number of hours actually worked by employees each workweek and thus Laborers were not properly paid for all hours worked.

68.     The FLSA requires employers to maintain records of all hours worked and wages paid to employees. 29 U.S.C.A. § 211(c). The NJWHL has similar requirements in its record-keeping provision. *Adami v. Cardo Windows, Inc.*, CIV. 12-2804 at *4 (D.N.J. July 23, 2013).

69.     Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement practice or enforcement policy of such departments or bureau.

70.     Defendants knowingly, willfully, and/or with reckless disregard carried out its illegal pattern or practice regarding its failure to pay Plaintiffs proper overtime compensation. As set forth herein, other prior and current Laborers were subjected to the same wrongful policies, practices, and/or procedures.

71.     On January 9, Plaintiffs sent Defendants a "Good Faith Prelitigation Demand" letter in an attempt to recover their unpaid wages from Defendants without filing a lawsuit.

72.     On March 2, 2018, Plaintiffs and Defendant Zorn Design, through their counsel, entered into a written agreement providing in part that "all state and federal statutes of limitations will be tolled as to each Party from January 9, 2018 until ten (10) days after the receipt by either Party of a written notice mailed to the addresses noted below, by overnight U.S. Mail/Fedex/UPS or by certified mail return receipt requested, that their informal attempts to

9

resolve the dispute are concluded."

73.     Because neither party has mailed a written notice that their informal attempts to resolve the dispute are concluded, the statute of limitations governing Plaintiffs' claims should be tolled as of March 2, 2018 through the filing of this Complaint.

## COLLECTIVE ACTION ALLEGATIONS

74.     Plaintiffs re-allege and incorporate all previous paragraphs herein.

75.     Plaintiffs assert the foregoing violations not only individually, but collectively pursuant to 29 U.S.C. 216(b) on behalf of the "FLSA Collective," defined as:

> *All Laborers who worked for the Defendants at any time during the period of three (3) years prior to the commencement of this action through the date of judgment.*

(hereinafter referred to as the "FLSA Collective"). Plaintiffs reserve the right to amend this definition as necessary.

76.     Members of the FLSA Collective are all improperly classified as exempt employees by Defendants.

77.     As a result of the foregoing policies, there were many weeks in which Defendants failed to compensate members of the FLSA Collective at an overtime premium rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per workweek as required by the FLSA.

78.     Plaintiffs brings this Collective Action against Defendants to recover unpaid overtime compensation, liquidated damages, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

79.     With respect to the claims set herein, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiffs under 29

U.S.C. § 216(b). The collective of employees on behalf of whom Plaintiffs brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

80.    The Collective Action further alleges a willful violation of the FLSA and is covered by a third year of limitations.

81.    Plaintiffs seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to the putative members of the FLSA Collective permitting them to assert FLSA claims in this Collective Action by filing their individual consent forms.

82.    The precise number and identities of Collective members should be readily available from a review of Defendants' personnel and payroll records.

83.    Defendants are aware that the FLSA applies to their business and they are required to adhere to the rules under the FLSA.

84.    Defendants' conduct and practices, described herein, were and are willful, intentional, unreasonably, arbitrary, and in bad faith.

## COUNT I
### (29 U.S.C. § 216(b) Collective Action)
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.
### FAILURE TO PAY OVERTIME

85.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

86.    29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular

rate at which he is employed.

87.     Defendants classified Plaintiffs as Independent Contractors.

88.     Defendants classified Plaintiffs as exempt from overtime pay.

89.     Defendants classified its laborers as Independent Contractors.

90.     Defendants classified its laborers as exempt from overtime pay.

91.     Plaintiffs performed primary job duties that do not fall within any exemptions from overtime under the FLSA.

92.     Laborers for the Defendants performed primary job duties that do not fall within any exemptions from overtime under the FLSA.

93.     Plaintiffs and the FLSA collective members regularly worked in excess of forty (40) hours per workweek.

94.     Defendants failed to pay Plaintiffs and the FLSA Collective members overtime compensation at a rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per workweek as required by the FLSA.

95.     Defendants' failure to pay Plaintiffs and other FLSA Collective members' overtime was not done in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement policy of such departments.

96.     As a result of Defendant's uniform policies and practices described above, Plaintiffs and the FLSA collective members were illegally deprived of proper overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other

compensation pursuant to 29 U.S.C § 216(b).

97.     Because Defendants willfully violated the FLSA, a three (3) year statute of limitations applies to such violation pursuant to 29 U.S.C. § 255(a).

98.     Defendants are in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages.

**COUNT II**
**(29 U.S.C. § 216(b) Individual Claim)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**FAILURE TO PAY OVERTIME**

99.     Plaintiffs re-allege and incorporate all previous paragraphs herein.

100.    Defendants classified Plaintiffs as exempt from overtime.

101.    Defendants misclassified Plaintiffs as exempt from overtime.

102.    Defendants classified Plaintiffs as independent contractors.

103.    Plaintiffs performed primary job duties that do not fall within any exemptions from overtime under the FLSA.

104.    Plaintiffs regularly worked in excess of forty (40) hours per workweek.

105.    Defendants failed to compensate Plaintiffs for overtime hours at a rate of not less than one and one half (1.5) times of their regular rate of pay for hours worked in excess of forty (40) per workweek, as required by the FLSA.

106.    As a result of Defendants' uniform policies and practices described above, Plaintiffs was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## COUNT III
### (Individual Claim)
### NJWHL, N.J.S.A. 34:11–56a *et seq.,*
### FAILURE TO PAY OVERTIME

107.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

108.    Defendants classified Plaintiffs as exempt from overtime.

109.    Defendants misclassified Plaintiffs as exempt from overtime.

110.    Defendants classified Plaintiffs as independent contractors.

111.    Plaintiffs performed primary job duties that do not fall within any exemptions from overtime under the NJWHL.

112.    Under the NJWHL, Defendants are personally liable for the misclassification of Plaintiffs as independent contractors.

113.    Plaintiffs regularly work more than forty (40) hours per week for Defendants and received overtime pay at a rate of less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per workweek as required by the NJWHL.

114.    The NJWHL requires employers to pay overtime compensation at the rate of one and one-half times each employee's regular hourly rate for all hours worked in excess of forty (40) hours in any given work week.

115.    Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

116.    As a result of Defendants' uniform policies and practices described above, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, pre-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to NJWHLR.

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs respectfully requests that this Court grant the following relief against Defendants:

(A) A declaratory judgment that Defendants' wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B) A declaratory judgment that Defendants' wage practices alleged herein violate the overtime provisions of the New Jersey Wage and Labor, N.J.S.A. 34:11–56a *et seq.*;

(C) An Order for injunctive relief ordering Defendants to comply with the FLSA and NJWHL and end all of the illegal wage practices alleged herein;

(D) An Order certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(E) Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all putative FLSA collective;

(F) Authorizing Plaintiffs' counsel to send notice(s) of this action to all putative FLSA Collective, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA Collective members of their rights by law to join and participate in this lawsuit;

(G) Designating Lead Plaintiffs as the representative of the FLSA Collective members in this action;

(H) Designating the undersigned counsel as counsel for the FLSA Collective members in

this action;

(I)   Judgment for damages for all unpaid overtime compensation and liquidated damages to which Plaintiffs and the FLSA Collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(J)   Judgment for damages for all unpaid overtime compensation and pre-judgment interest to which Plaintiffs is lawfully entitled under the NJWHL, N.J.S.A. 34:11-56a, *et seq.*;

(K)   An incentive award for the Lead Plaintiffs for serving as representative of the FLSA Collective members in this action;

(L)   Declaring Defendants willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

(M) Declaring Defendants violated and that said violations were intentional, willfully oppressive, fraudulent and malicious;

(N)   Awarding reasonable attorneys' fees and costs incurred by Plaintiffs in this action as provided by the FLSA;

(O)   Judgment for any and all civil penalties to which Plaintiffs and the FLSA Collective members may be entitled; and

(P)   Awarding such other and further relief as this Court deems necessary, just and proper.

## JURY DEMAND

Plaintiffs, Ronald Dendall and Brian Dendall, individually and on behalf of all other FLSA collective members, by and through their attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

RESPECTFULLY SUBMITTED,

Dated: April 4, 2018            By:    /s/ *Nicholas R. Conlon*

Nicholas R. Conlon
Jason T. Brown
**JTB LAW GROUP, LLC**
155 2nd St., Suite 4
Jersey City, NJ 07302
T: (877) 561-0000
F: (855) 582-5297
nicholasconlon@jtblawgroup.com
jtb@jtblawgroup.com

*Counsel for Plaintiffs*